UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ESTEVEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>A. HEDGPETH, et al.,<br><br>    Defendants.<br>_____/ | 1:07-cv-01553-LJO-GSA-PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1)<br><br>ORDER FOR CLERK TO SEND PLAINTIFF COMPLAINT FORM<br><br>THIRTY DAY DEADLINE |

Plaintiff Jesus Estevez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 24, 2007.

**A.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001)). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is currently incarcerated at Kern Valley State Prison (KVSP), where the events at issue in this action allegedly occurred. In the complaint, plaintiff alleges that defendants have not adequately treated him for spinal pain he has suffered since 2005. Plaintiff alleges that surgery was scheduled for him and then cancelled. Plaintiff alleges his primary care doctor refuses to follow the treatment recommended by a specialist. Plaintiff alleges he is not given adequate pain medication. Plaintiff alleges he has suffered pain, emotional distress, and a worsening condition because of delays in his treatment. Plaintiff is seeking money damages and injunctive relief. Plaintiff names as defendants A. Hedgpeth (Warden), M. Spathe (M.D.), Dr. Lopez (Chief Medical Officer), Dr. Qumar, and the Director of Corrections.

**C.    PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

**1.    Linkage Requirement**

As stated above, the complaint must allege in specific terms how each named defendant is involved. Plaintiff does not mention defendant Dr. Qumar in the complaint except to name him or her as a defendant. As such, plaintiff does not allege any facts giving rise to a cognizable claim for relief under section 1983 against defendant Dr. Qumar.

**2.    Supervisory Liability**

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, such as Warden or Director of Corrections, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory

defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff alleges that defendant Warden Hedgpeth ("Hedgpeth") partially granted plaintiff's prison appeal on April 3, 2007, but failed to order his staff to provide the treatment that the specialist had recommended. These alleged facts do not show that Hedgpeth knew of violations and failed to act to prevent them. The fact that Hedgpeth granted plaintiff's appeal without ordering his staff to follow the specialist's recommendations does not show that Hedgpeth "knew" his staff should have followed the specialist's recommendations.

Plaintiff alleges that the Director of Corrections was advised of plaintiff's medical problem and failed to act on it. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Here, plaintiff merely uses conclusory language and fails to allege any facts supporting these allegations.

Therefore, plaintiff does not state a cognizable claim against defendants Hedgpeth or the Director of Corrections.

**3.      Eighth Amendment Medical Claims**

**A.      Legal Standard**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a

1  "sufficiently culpable state of mind," which entails more than mere negligence, but less than
2  conduct undertaken for the very purpose of causing harm. Farmer, 511 U.S. at 837. A prison
3  official does not act in a deliberately indifferent manner unless the official "knows of and
4  disregards an excessive risk to inmate health or safety." Id.

5  In applying this standard, the Ninth Circuit has held that before it can be said that a
6  prisoner's civil rights have been abridged, "the indifference to his medical needs must be
7  substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
8  cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing
9  Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or
10 treating a medical condition does not state a valid claim of medical mistreatment under the
11 Eighth Amendment. Medical malpractice does not become a constitutional violation merely
12 because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern,
13 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992),
14 overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)
15 (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious
16 medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

17 Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.
18 at 104-05. To establish a claim of deliberate indifference arising from delay, a plaintiff must
19 show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (*per*
20 *curiam*); McGuckin, 974 F.2d at 1059; Wood, 900 F.2d at 1335; Hunt v. Dental Dep't, 865 F.2d
21 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th
22 Cir.1985) (*per curiam*). Moreover, mere differences of opinion between a prisoner and prison
23 medical staff as to proper medical care do not give rise to a § 1983 claim. See Jackson v.
24 McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989);
25 Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.1981).

26 **B.    Defendant Dr. Martha Spaeth**

27 Defendant alleges that defendant Dr. Martha Spaeth ("Spaeth"), plaintiff's primary
28 physician at KVSP, is not a specialist in plaintiff's medical disability and refuses to follow the

5

specialist's reports and recommendations for plaintiff's treatment. Plaintiff also alleges that Spaeth lacks the knowledge and skill necessary to properly care for his medical condition.

As stated above, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. Therefore, the alleged fact that Spaeth refused to follow the specialists' recommendations does not support a § 1983 claim against her. Furthermore, plaintiff fails to allege any facts in support of these allegations.

As for the allegation that Spaeth lacks knowledge and skill, plaintiff has not alleged any facts to support this allegation either. In any event, failure to possess knowledge or skill, without a showing of deliberate indifference, does not rise to the level of an Eighth Amendment violation. As stated above, even gross negligence or medical malpractice are insufficient to establish deliberate indifference to serious medical needs. Estelle, 429 U.S. at 106; See Wood, 900 F.2d at 1334. Therefore, plaintiff does not allege sufficient facts to state a cognizable claim against defendant Spaeth.

### D.       Defendant Dr. Lopez

Plaintiff alleges that defendant Dr. Lopez ("Lopez"), the Chief Medical Officer at NKSP "fail[ed] to approve or reschedule surgery." These facts do not demonstrate that Lopez "knew of and disregarded an excessive risk to inmate health or safety." Therefore, plaintiff fails to state a cognizable Eighth Amendment claim against defendant Dr. Lopez.

### E.       Conclusion

Based on the foregoing, the court finds that plaintiff's complaint fails to state cognizable claims for relief under § 1983 against any of the defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). The court will grant plaintiff the opportunity to file an amended complaint to cure the deficiencies identified by the court in this order, if he wishes.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.

1  Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms
2  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
3  there is some affirmative link or connection between a defendant's actions and the claimed
4  deprivation.  Rizzo, 423 U.S. at 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
5  Johnson, 588 F.2d at 743.

6       As to plaintiff's Eighth Amendment medical care claim, plaintiff is reminded that in order
7  to prevail, he must show the mistreatment rises to the level of "deliberate indifference to serious
8  medical needs."  A prison official does not act in a deliberately indifferent manner unless the
9  official "knows of and disregards an excessive risk to inmate health or safety."  Id.  Further, to
10 establish a claim of deliberate indifference arising from delay, a plaintiff must show that the
11 delay was harmful. See Berry, 39 F.3d at 1057; McGuckin, 974 F.2d at 1059; Wood, 900 F.2d at
12 1335; Hunt, 865 F.2d at 200; Shapley, 766 F.2d at 407.

13      Plaintiff is also advised that an amended complaint supercedes the original complaint,
14 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
15 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
16 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an
17 original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d
18 at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord
19 Forsyth, 114 F.3d at 1474.  Once an amended complaint is filed, the original complaint no longer
20 serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
21 each claim and the involvement of each defendant must be sufficiently alleged.  The amended
22 complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the
23 appropriate case number, and be an original signed under penalty of perjury.

24      Accordingly, based on the foregoing, it is HEREBY ORDERED that:
25     1.     Plaintiff's complaint is DISMISSED, with leave to amend, for failure to state a
26            claim.  Within **thirty (30) days** from the date of service of this order, plaintiff
27            shall:
28 ///

      a.    File a First Amended Complaint curing the deficiencies identified by the court in this order, or

      b.    Notify the court in writing that he does not wish to file an amended complaint and pursue the action, but instead wishes to voluntarily dismiss the case;

2.    The Clerk of Court is DIRECTED to send plaintiff a blank civil rights complaint form; and

3.    Plaintiff is forewarned that his failure to comply with this order may result in a recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:  **January 23, 2008**          **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE