# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ESTEVEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HEDGPETH, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:07-cv-01553-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 11)<br><br>OBJECTIONS, IF ANY, DUE IN TWENTY DAYS |

　　　Plaintiff Jesus Estevez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 14, 2008, plaintiff filed a motion for a preliminary injunction, in which he requested the court to order defendants to provide him adequate medical treatment, including surgery and pain medication with a "theriputical (*sic*) value."

　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air

1

Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury."  Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits."  Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In a separate order issued concurrently with this Findings and Recommendations, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983.  Thus, at this point in time, there is no case or controversy before the court, and the court has no jurisdiction to issue any preliminary injunctions.  Until and unless the court finds that plaintiff has stated cognizable claims for relief under section 1983 and the defendants against whom the claims are stated have been served and made an appearance in this action, the court will not have jurisdiction to issue any orders awarding the relief plaintiff seeks.

Further, plaintiff is cautioned that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  Even if plaintiff's complaint had been found to state claims for relief for retaliation and constitutionally deficient medical care, and one or more defendants had already appeared in this action, plaintiff did not meet his burden as the moving party and would not be entitled to the relief he seeks.

1  Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for a
2 preliminary injunction, filed January 14, 2008, be DENIED.

3  These Findings and Recommendations will be submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**
5 **days** after being served with these Findings and Recommendations, plaintiff may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
9 1153 (9th Cir. 1991).

10  IT IS SO ORDERED.

11  **Dated:   January 23, 2008**               /s/ Gary S. Austin
                                                    UNITED STATES MAGISTRATE JUDGE