MDR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

Jesus Estevez,                          )   No. CV 1-07-1553-ROS
    Plaintiff,      )   **ORDER**
                                        )
vs.                                     )
                                        )
A. Hedgpeth, et al.,                    )
    Defendants.     )
_____)

  Plaintiff Jesus Estevez, who is confined in the Kern Valley State Prison in Delano, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  United States Magistrate Judge Gary S. Austin issued an Order (Doc. #14) dismissing the Complaint for failing to state a claim and giving Plaintiff an opportunity to file an amended complaint that cured the deficiencies identified in the Order.

  Plaintiff filed a First Amended Complaint (Doc. #24).  This case was reassigned to the undersigned judge on November 26, 2008.  The Court will dismiss the First Amended Complaint with leave to amend.

## I. Statutory Screening of Prisoner Complaints

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

JDDL-K

1   be granted, or that seek monetary relief from a defendant who is immune from such relief.
2   28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the
3   allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
4   before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
5   (*en banc*).

6         The Court should not, however, advise the litigant how to cure the defects.  This type
7   of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.
8   Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide
9   whether the court was required to inform a litigant of deficiencies).  Plaintiff's First
10  Amended Complaint will be dismissed for failure to state a claim, with leave to amend
11  because the First Amended Complaint may possibly be saved by amendment.

12  **II.    First Amended Complaint**

13        In his two-count First Amended Complaint, Plaintiff sues Defendant Director of the
14  California Department of Corrections and Rehabilitation (CDCR) and the following
15  Defendants, all of whom are employed at the Kern Valley State Prison: Chief Medical
16  Officer Dr. Lopez, Warden A. Hedgpeth, Nurse H. Ducus, Dr. Martha Spathe, and Dr.
17  Qumar.

18        In both counts, Plaintiff alleges that he has been denied medical care in violation of
19  the Eighth Amendment prohibition against cruel and unusual punishment. He claims that he
20  has a chronic back problem and that he was seen by Defendant Spathe in April 2006.
21  Although Plaintiff claims that Defendant Spathe was unsympathetic to his problems, she
22  referred Plaintiff to a neurosurgeon. Plaintiff was seen by the neurosurgeon eight days after
23  he saw Defendant Spathe.

24        The neurosurgeon recommended that Plaintiff receive a surgery and informed the
25  prison that he needed an additional test and films. In August 2006, Plaintiff again saw the
26  neurosurgeon and was scheduled for a surgery. The surgery was cancelled because the
27  prison had not sent the tests and films that the neurosurgeon had requested. In February
28  2007, Plaintiff had the MRI that the neurosurgeon had ordered.

JDDL-K

1    In May 2007, Plaintiff spoke with Defendant Spathe and explained to her that the
2  neurosurgeon had cancelled the surgery because of the delay in Plaintiff getting the MRI.
3  Defendant Spathe was again unsympathetic.  Plaintiff claims that the same day Plaintiff
4  spoke with Defendant Spathe, Defendant Lopez also became aware of Plaintiff's medical
5  concerns.

6    In June 2007, Plaintiff submitted a request to speak with Defendant Lopez, but she
7  refused to speak with Plaintiff.  However, Plaintiff states that the same day he submitted the
8  request, Defendant Lopez informed Plaintiff that it was not the prison's fault that the surgery
9  was cancelled.  Plaintiff informed Defendant Lopez that the neurosurgeon had said that he
10  needed the MRI results before he could do the surgery.  Defendant Lopez informed Plaintiff
11  that she did not like Plaintiff's attitude.

12    In August 2007, Plaintiff received the Director Level Appeal Decision on his
13  complaint regarding inadequate medical treatment.  Plaintiff claims Defendant Director of
14  CDCR was aware of Plaintiff's medical concerns.

15    In October 2007, the neurosurgeon again saw Plaintiff and requested that the surgery
16  be performed as soon as possible because the surgery had been previously cancelled and
17  because Plaintiff has significant pain.  Plaintiff received the surgery in February 2008,
18  approximately 22 months after he first saw Defendant Spathe.

19    Plaintiff seeks injunctive relief, monetary damages, attorney's fees, and costs of suit.

20  **III.    Failure to State a Claim**

21    **A.    Failure to Link Defendant with Injuries**

22    Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,
23  520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v.
24  Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further,
25  a liberal interpretation of a civil rights complaint may not supply essential elements of the
26  claim that were not initially pled.  Id.

27    To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
28  injury as a result of specific conduct of a defendant and show an affirmative link between the

1 | injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377
2 | (1976). To state a claim against a supervisory official, the civil rights complainant must
3 | allege that the supervisory official personally participated in the constitutional deprivation
4 | or that the supervisory official was aware of widespread abuses and, with deliberate
5 | indifference to the inmate's constitutional rights, failed to take action to prevent further
6 | misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v.
7 | List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987);
8 | see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92
9 | (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
10 | position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
11 | does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

12 | Plaintiff only alleges that Defendant Director of CDCR was "aware of Plaintiff's
13 | medical concerns." Plaintiff only claims that Defendant Hedgpeth "is in a position of
14 | authority such that he could arrange all transfer to outside hospital, away from the [Kern
15 | Valley State Prison] . . . [and] knows of all Plaintiff's request[s] for transportation to [the]
16 | hospital." These vague and conclusory allegations fail to show an affirmative link between
17 | Plaintiff's injuries and any specific conduct by either Defendant. Thus, the Court will
18 | dismiss without prejudice Defendant Director of CDCR and Defendant Hedgpeth. The Court
19 | will also dismiss Defendants Qumar and Ducus because Plaintiff has failed to make any
20 | allegations against them other than listing them as defendants.

21 | **B . Failure to State a Claim**

22 | Not every claim by a prisoner that he has received inadequate medical treatment states
23 | a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show
24 | that the defendants acted with "deliberate indifference to serious medical needs." Jett v.
25 | Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104
26 | (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure
27 | to treat the condition could result in further significant injury or the unnecessary and wanton
28 |

JDDL-K                                            - 4 -

1  infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d
2  at 1096 (quotations omitted).

3      To act with deliberate indifference, a prison official must both know of and disregard
4  an excessive risk to inmate health; the official must both be aware of facts from which the
5  inference could be drawn that a substantial risk of serious harm exists and he must also draw
6  the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the
7  medical context may be shown by a purposeful act or failure to respond to a prisoner's pain
8  or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096.
9  Deliberate indifference may also be shown when a prison official intentionally denies, delays,
10  or interferes with medical treatment or by the way prison doctors respond to the prisoner's
11  medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

12      Deliberate indifference is a higher standard than negligence or lack of ordinary due
13  care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross
14  negligence will constitute deliberate indifference." Clement v. California Dep't of
15  Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter
16  Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
17  "medical malpractice" do not support a claim under § 1983). "A difference of opinion does
18  not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v.
19  Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is
20  insufficient to state a claim against prison officials for deliberate indifference. See Shapley
21  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference
22  must be substantial. The action must rise to a level of "unnecessary and wanton infliction
23  of pain." Estelle, 429 U.S. at 105-06.

24      Plaintiff alleges Defendant Spathe was unsympathetic in April 2006. However, she
25  referred Plaintiff to a neurosurgeon, and Plaintiff saw the neurosurgeon eight days later.
26  Plaintiff also claims Defendant Spathe was unsympathetic in May 2007. However, at that
27  time, Plaintiff had already received the MRI that he claims was delaying the surgery.
28  Plaintiff alleges that Defendant Lopez became aware of Plaintiff's "medical concerns" in

1  May 2007. He claims he submitted a request to speak with Defendant Lopez in June 2007.
2  Although he claims Defendant Lopez refused to speak with him, he also claims that she
3  reviewed his grievance and spoke to him that same day.

4      Defendants Spathe and Lopez could have been more sympathetic to Plaintiff's needs.
5  Nevertheless, Plaintiff's allegations fail to establish that either Defendant Spathe or Lopez
6  was deliberately indifferent to his medical needs or that any of the delays Plaintiff
7  experienced were attributable to either Defendant. Plaintiff, therefore, has failed to a claim
8  against Defendants Spathe and Lopez. The Court will dismiss them, without prejudice.

9  **IV.    Leave to Amend**

10      For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for
11  failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may
12  submit a second amended complaint on the form provided with this Order. If Plaintiff fails
13  to use the form provided with this Order, the Court may strike the second amended complaint
14  and dismiss this action without further notice to Plaintiff.

15      Plaintiff must clearly designate on the face of the document that it is the "Second
16  Amended Complaint." The second amended complaint must be retyped or rewritten in its
17  entirety on the form provided with this Order and may not incorporate any part of the original
18  Complaint or First Amended Complaint by reference.

19      Plaintiff must comply with the instructions provided with the form. Plaintiff should
20  pay close attention to the instructions provided with the form. If Plaintiff fails to comply
21  with the instructions provided with the form, the Court may strike the second amended
22  complaint and dismiss this action without further notice to Plaintiff.

23      Among other requirements contained in the instructions, Plaintiff is advised that the
24  instructions require him to provide information regarding the Court's jurisdiction, provide
25  information about the defendants, and divide his lawsuit into separate counts. In each count,
26  Plaintiff must identify what federal constitutional civil right was violated, identify the issue
27  most closely involved in that count, state which defendants violated that right and what those
28  defendants did to violate that right, explain how Plaintiff was injured by the alleged violation

of the constitutional right, and identify whether Plaintiff has exhausted any available administrative remedies. Plaintiff must repeat this process for each civil right that was violated. Plaintiff may allege only one claim per count.

A second amended complaint supersedes the original Complaint and the First Amended Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and the First Amended Complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or the First Amended Complaint is waived if it is not raised in a second amended complaint. King, 814 F.2d at 567.

## V.   Warnings

### A.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.   Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.   Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

1  malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is
2  under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

3  **D.     Possible Dismissal**

4  If Plaintiff fails to timely comply with every provision of this Order, including these
5  warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at
6  1260-61 (a district court may dismiss an action for failure to comply with any order of the
7  Court).

8  **IT IS ORDERED:**

9  (1)   The First Amended Complaint (Doc. #24) is **dismissed** for failure to state a
10  claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended
11  complaint in compliance with this Order.

12  (2)   If Plaintiff fails to file a second amended complaint within 30 days, the Clerk
13  of Court must, without further notice, enter a judgment of dismissal of this action with
14  prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

15  (3)   The Clerk of Court must include with this Order a copy of this judge's required
16  form for filing a civil rights complaint by a prisoner.

17  DATED this 19th day of February, 2009.

18
19
20
21
22
                                                Roslyn O. Silver
                                            United States District Judge
23
24
25
26
27
28

JDDL-K                                          - 8 -