MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Estevez, ) | No. CV 1-07-1553-ROS |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| A. Hedgpeth, et al., ) | |
| Defendants. ) | |

Plaintiff Jesus Estevez, who is confined in the Kern Valley State Prison in Delano, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Gary S. Austin issued an Order dismissing the Complaint for failing to state a claim and giving Plaintiff an opportunity to file an amended complaint that cured the deficiencies identified in the Order.

Plaintiff filed a First Amended Complaint. This case was reassigned to the undersigned judge on November 26, 2008. In a February 19, 2009 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to submit a second amended complaint that cured the deficiencies identified in the Order.

On March 20, 2009, Plaintiff filed a Motion for Appointment of Counsel (Doc. #30) and a Second Amended Complaint (Doc. #31).

JDDL

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Second Amended Complaint

In his two-count Second Amended Complaint, Plaintiff sues Defendant J. Doe Director of the California Department of Corrections and Rehabilitation and the following Defendants, all of whom are employed at the Kern Valley State Prison: Chief Medical Officer Dr. Lopez, Warden A. Hedgpeth, and Dr. Martha Spaeth.

In both counts, Plaintiff alleges a violation of the Eighth Amendment. Plaintiff claims he arrived at the Kern Valley State Prison from another California State Prison, requested to see a doctor, and informed Defendant Spaeth that he was having a lot of pain in his lower back, that a prior MRI had shown abnormal findings on his lower spine, and that a doctor at the prior prison had informed Plaintiff that he needed to see a neurosurgeon and have a surgery. Plaintiff contends that Defendant Spaeth told Plaintiff that she did not care what the other doctor had told him, that she would do whatever she wanted, and the Plaintiff should not argue with her because she did not like crybabies.

Plaintiff was seen by a neurosurgeon a week later and the neurosurgeon informed Plaintiff that he would probably need a surgery because of the severity of his symptoms. However, Plaintiff alleges that Defendants Spaeth and Lopez failed to order tests orders by the neurosurgeon, deliberately disregarded the neurosurgeon's orders and recommendations, disregarded the recommendations of two other prison doctors who recommended that a neurosurgeon operate on Plaintiff, failed to approve the surgery, delayed approving the surgery, and delayed the surgery. Plaintiff contends that Defendants Hedgpeth and Doe were aware of Plaintiff's medical condition and refused to follow the neurosurgeon's advice.

Plaintiff alleges that he did not receive a surgery until he filed a petitioner for a writ of habeas corpus in the California appellate court.

Plaintiff alleges that the delay in the surgery and the failure to provide adequate medical care caused him to suffer additional spinal damage and additional pain and caused him to be permanently disabled.

In Count One, Plaintiff alleges that Defendants violated Plaintiff's Eighth Amendment rights because they were deliberately indifferent to Plaintiff's serious medical needs. In Count Two, Plaintiff alleges that Defendants violated his Eighth Amendment rights because they failed to protect and treat him. In his Request for Relief, Plaintiff seeks injunctive relief, monetary damages, and his attorney's fees and costs of suit.

### III. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has stated a claim against Defendants in Count One. The Court will require Defendants Doe, Hedgpeth, Spaeth, and Lopez to answer Count One of the Second Amended Complaint. The Court will dismiss Count Two, however, because it is duplicative of Count One.

### IV. Motion for Appointment of Counsel

There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case.

1 | Plaintiff is in no different a position than other *pro se* litigants. Accordingly, the Court will
2 | deny Plaintiff's Motion for Appointment of Counsel.

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion for Appoinment of Counsel (Doc. #30) is **denied** without prejudice.

(2) Count Two of the Second Amended Complaint is **dismissed** without prejudice.

(3) Defendants M. Spaeth, S. Lopez, A. Hedgpeth, and J. Doe must answer Count One of the Second Amended Complaint.

(4) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. #31), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants M. Spaeth, S. Lopez, A. Hedgpeth, and J. Doe.

(5) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Second Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(6) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(7) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 11th day of May, 2009.

Roslyn O. Silver
United States District Judge