IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Estevez,<br><br>    Plaintiff,<br><br>  v.<br><br>A. Hedgpeth, et al.,<br><br>    Defendants. | No. CV 1-07-1553-ROS<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Clarification of the Court's Order of August 13, 2009 (Doc. 38), and Plaintiff's Motion to Appoint Counsel (Doc. 41). The Court will grant the motion for clarification. Plaintiff's Motion to Appoint Counsel will be denied.

**DISCUSSION**

**I. Clarification of the Court's Order of August 13, 2009**

Plaintiff requests clarification of line 2 of page 2 of the Court's August 13, 2009 Order. The line states, "If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of this Order, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m)." Plaintiff asks the Court if this line means that he is required to obtain a waiver or if the United States Marshall will serve the defendants. Plaintiff is advised that this line does not require him to do anything further to serve the currently named defendants. In the same Order, the Court ordered the United States Marshal to request

waiver of service, and if no waiver was received, to personally serve the Defendants. Plaintiff therefore does not need to take further action to serve the named defendants.

**II. Motion to Appoint Counsel**

Plaintiff has filed a second motion to appoint counsel (Doc. 41). Plaintiff previously filed a motion to appoint counsel on March 20, 2009 (Doc. 30), which the Court denied on May 11, 2009 (Doc. 32). Plaintiff's new motion to appoint counsel is substantially similar to Plaintiff's prior motion. Plaintiff again argues that he cannot afford counsel, that his imprisonment will make it difficult to litigate the case, that he has limited knowledge of the law, that the issues in his case are complex, and that his case would be better handled by legal counsel. The Court recognizes Plaintiff's concerns, but also recognizes, as noted in the previous order denying Plaintiff's motion to appoint counsel, that Plaintiff is in no different position than other pro se prisoner litigants. Plaintiff again fails to show that there are exceptional circumstances in his case that would require appointment of counsel. For this reason, and for all the reasons set forth in the Court's Order denying Plaintiff's previous motion to appoint counsel (Doc. 32), Plaintiff's renewed motion to appoint counsel will be denied.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Appointment of Counsel (Doc. 41) is **DENIED**

**FURTHER ORDERED** Plaintiff's Motion for Clarification (Doc. 38) **IS HEREBY GRANTED**.

DATED this 3rd day of November, 2009.

Roslyn O. Silver
United States District Judge

- 2 -