UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Estevez, ) | No. CV07-01553-PHX-ROS |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| A. Hedgpeth, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**I.      Scheduling Order.**

Defendants filed a Request for Discovery and Scheduling Order (Doc. 54), and Plaintiff filed a Motion for a Discovery and Scheduling Order (Doc. 55). The Request (Doc. 54) and Motion (Doc. 55) will be granted, and the Court will issue a discovery and scheduling order in a separate order.

**II.     Motion for Access to Legal Documents**

Plaintiff moves for a Court order "ordering prison officials at High Desert State Prison ("HDSP") to allow Plaintiff access" to legal documents. (Doc. 59). Plaintiff alleges he is being denied access to the law library and allowed only one cubic foot of documents for review, presumably at any given time. (Id.). Plaintiff has recently been transferred to HDSP. Defendants oppose the motion on the basis that the Court lacks jurisdiction to enter injunctive relief against a non-party.

A court may not issue an injunction against individuals who are not parties to a suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110 (1969). HDSP officials are not a party to this case. A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995) (emphasis added)). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 129 S. Ct. 365, 374 (2008). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). The Ninth Circuit recently held that in addition to this test, a "preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for Wild Rockies v. Cottrell,* 2010 WL 3665149, at *8 (Sept. 22, 2010) (internal quotation omitted).

Generally, an injunction should not issue if it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.,* 122 F.3d 41, 43 (11th Cir. 1997). But "where the preliminary relief is directed to the prisoner's access to the Courts, a nexus between the preliminary relief and the ultimate relief sought is not required." *Prince v. Schriro, et al.*, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009); *see also Prince v. Schriro, et al.,* CV 08-1299-PHX-SRB (JRI) (Doc. 32, Order adopting R & R at Doc. 28) citing *Diamontiney v. Borg,* 918 F.2d 793, 796 (9th Cir. 1990). Therefore, even though Plaintiff's Complaint does not include an access-to-the-courts claim, the Court may consider his pending request for injunctive relief. *See Diamontiney*, 918 F.2d at 796 (where the preliminary injunction concerns the movant's access to the court, the merits

of the underlying suit need not be considered).

Inmates have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). But the right of access to the courts is only a right to bring petitions or complaints to the federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *see also Cornett v. Donovan,* 51 F.3d 894, 898 (9th Cir. 1995). To maintain an access-to-the-courts claim, an inmate must submit evidence showing an "actual injury" resulting from the defendant's actions. *See Lewis*, 518 U.S. at 349. With respect to an existing case, the actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim." *Id.* at 348-49.

It may be possible that an arbitrary refusal to grant access to a law library or limit the volume of materials reviewed at any given time could lead to a finding of denial of access to the courts. *See Gluth v. Kangas*, 951 F.2d 1504, 1508 (9th Cir. 1991) (arbitrarily denying access to a prison library could constitute a violation of the right of access to the courts, even if the regulations governing library access were arguably facially valid). But there must be showing of actual injury. *See Lewis*, 518 U.S. at 349.

Here, Plaintiff has not identified an actual injury, but instead made general statements about an adverse impact on his ability to litigate. Consequently, Plaintiff's request for an order to access the law library and obtain more than one cubic foot of documents at any given time will be denied. *See Lewis*, 518 U.S. at 349.

Plaintiff also fails to demonstrate a likelihood of irreparable harm. His general assertion that he would not be able to prosecute this and other actions is too speculative to support an injunction. *See Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction"); *see also* Fed. R. Civ. P. 65(b) (movant must demonstrate by specific facts that there is a credible threat of immediate and irreparable harm).

### III.     Motion to Appoint Counsel.

Plaintiff has filed a third and fourth motion to appoint counsel. [Doc. 51, 56]. Plaintiff's previous motions to appoint counsel were denied (Doc. 32, 42). Plaintiff's new motions to appoint counsel are substantially similar to his previous motions to appoint counsel. Plaintiff again argues he cannot afford counsel, his imprisonment will make it difficult to litigate, he has limited knowledge of the law, and the case would be better handled by legal counsel. The Court understands Plaintiff's concerns, but has also stated Plaintiff is in no different situation than other pro se prisoner litigants. The Court, again, does not find exceptional circumstances requiring appointment of counsel. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). For this reason, and the reasons set forth in the Court's prior orders denying appointment of counsel, Plaintiff's motions to appoint counsel (Docs. 51, 56) will be denied.

Accordingly,

**IT IS HEREBY ORDERED** Defendant's Request for Discovery and Scheduling Order (Doc. 54) and Plaintiff's Motion for a Discovery and Scheduling Order (Doc. 55) are **GRANTED**. The Court will issue a discovery and scheduling order in a separate order.

**IT IS FURTHER ORDERED** Plaintiff's Motion for a Court Order to Have Access to Legal Documents (Doc. 59) is **DENIED.**

**IT IS FURTHER ORDERED** Plaintiff's Motions For Appointment Of Counsel (Docs. 51 and 56) are **DENIED**.

DATED this 22nd day of October, 2010.

_____
Roslyn O. Silver
United States District Judge