UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Estevez, | No. CV-07-1553-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| A. Hedgpeth, et. al., | |
| Defendants. | |

On December 28, 2010, Plaintiff filed a motion for a blank subpoena, stating he was having difficulty obtaining materials from the prison library. (Doc. 65). A blank subpoena will not be issued. Further, the request for subpoena is an improper attempt to circumvent the Court's Order regarding access to the law library, discussed below and in Doc. 63.

On December 29, 2010, Plaintiff filed a motion for a court order to allow plaintiff access to the law library. (Doc. 66). As explained in the Court's prior order (Doc. 63), inmates have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). But the right of access to the courts is only a right to bring petitions or complaints to the federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *see also Cornett v. Donovan,* 51 F.3d 894, 898 (9th Cir. 1995). To maintain an access-to-the-courts claim, an inmate must submit evidence showing an "actual injury" resulting from the defendant's actions. *See Lewis*, 518 U.S. at 349. With respect to an existing case, the actual

1 injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to
2 present a claim." *Id.* at 348-49.

3 It may be possible that an arbitrary refusal to grant access to a law library or limit the
4 volume of materials reviewed at any given time could lead to a finding of denial of access
5 to the courts. *See Gluth v. Kangas*, 951 F.2d 1504, 1508 (9th Cir. 1991) (arbitrarily denying
6 access to a prison library could constitute a violation of the right of access to the courts, even
7 if the regulations governing library access were arguably facially valid). But there must be
8 showing of actual injury. *See Lewis*, 518 U.S. at 349.

9 Here, once again, Plaintiff has not identified an actual injury, but instead made general
10 statements about his ability to comply with the scheduling and discovery order. This is not
11 sufficient to show actual injury. Plaintiff's motion will be denied.

12 Accordingly,

13 **IT IS ORDERED** Plaintiff's motion for subpoena **(Doc. 65)** is **DENIED**.

14 **IT IS ORDERED** Plaintiff's motion for a court order to allow plaintiff access to the
15 law library **(Doc. 66)** is **DENIED**.

16 DATED this 14th day of January, 2011.

Roslyn O. Silver
Chief United States District Judge