IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Estevez,<br><br>          Plaintiff,<br><br>vs.<br><br>A. Hedgpeth; et. al.,<br><br>          Defendants. | No. CV-07-1553-ROS (PC)<br><br>**ORDER** |

For the reasons below, the Court will dismiss the Director of Corrections and enter judgment in favor of Defendant A. Hedgpeth, Defendant Dr. Lopez and Defendant Dr. Spaeth.

On January 20, 2012, the Court granted the motion for summary judgment (Doc. 79) filed by all defendants except one defendant named as the "Director of Corrections." The Court found there was no genuine issue of material fact regarding Plaintiff's deliberate indifference claim under the Eighth Amendment of the United States Constitution. (Doc. 101). The Court found, "Defendants were consistently responsive to Plaintiff's medical needs." (Id., at 9). The Court held:

> Plaintiff's opposition to Defendants' statement of facts fails to present evidence creating a genuine issue of material fact. Contrary to Plaintiff's argument that "the facts alleged by Plaintiff are evidence," a party opposing summary judgment "is required to tender evidence of specific facts in support of his contention that a dispute exists." *Matsushita*, 475 U.S. at 585-86. Plaintiff has failed to tender such evidence.

(Id., at 10-11).

Plaintiff alleged the Director of Corrections, like the other defendants, knew of the failure to provide medical care and failed to take corrective actions. (Doc. 31). The Court has found Plaintiff failed to create a genuine issue of material fact as to whether Plaintiff was denied, delayed or otherwise deprived of medical care. (Id., at 9) ("Defendants were consistently responsive to Plaintiff's medical needs."). In light of the fact that there was no failure to provide medical care, the Director of Corrections cannot be liable for failure to take corrective actions regarding the deprivation of medical care. *See Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). "The Court has found no constitutional violation." (Doc. 101, at 11). Plaintiff cannot succeed on his claims against the Director of Corrections.[1]

Accordingly,

**IT IS ORDERED** the motion for a copy of the Court's order **(Doc. 102)** is **GRANTED**. The **Clerk for the Court** shall **mail Plaintiff** a copy of the Court's January 20, 2012 order appearing as **Docket entry 101.**

**IT IS ORDERED** for the reasons stated in the Court's January 20, 2012 order (Doc. 101), the **Clerk of the Court** shall enter **JUDGMENT** in favor of Defendants **A. Hedgpeth**, **Dr. Lopez** and **Dr. Spaeth**.

**IT IS ORDERED** the **Clerk of the Court** shall dismiss all remaining defendants and close this case.

DATED this 28th day of March, 2012.

_____
Roslyn O. Silver
Chief United States District Judge

---

[1] Alternatively, the "Director of Corrections" shall be dismissed for failure to serve.